# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL NO. 3:09CV536-RLV-DSC

| | | |
|---|---|---|
| **DORIS L. MORRISON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND RECOMMENDATION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social** | ) | |
| **Security Administration,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #12) and "Memorandum ... in Support ..." (document #13), both filed September 2, 2010, and "Reply ..." (document #16) filed November 9, 2010; and the Defendant's "Motion for Summary Judgment" (document #14) and "Memorandum in Support ... " (document #15), both filed November 4, 2010.    This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>denied</u>; that Defendant's Motion for Summary Judgment be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I. PROCEDURAL HISTORY

On November 3, 2003, Plaintiff filed an application for Supplemental Security Income ("SSI"), with an alleged disability onset date of July 15, 1989[1] (Tr. 59-60).  Her application was

---

[1]Plaintiff subsequently amended her alleged onset date to October 6, 2003 (Tr. 766-767).

denied initially and on reconsideration, and Plaintiff requested an administrative hearing (Tr. 56).

On August 15, 2006, the Administrative Law Judge ("ALJ") held a hearing. On September 28, 2006,

the ALJ issued a decision finding that Plaintiff was not disabled (Tr. 271-282). On April 6, 2007,

the Appeals Council granted Plaintiff's request for review, remanding the case to the ALJ for

another hearing (Tr. 295-300). The ALJ held a second hearing on July 31, 2007, at which Plaintiff,

represented by counsel, appeared and testified (Tr. 802-825). A vocational expert also testified (Tr.

802-825).

On August 28, 2007 - three days before Plaintiff's 50th birthday - the ALJ issued a decision

finding that Plaintiff was not disabled (Tr. 14-29). In his decision, the ALJ found that Plaintiff had

not engaged in substantial gainful activity since the date she applied for disability on October 6,

2003 (Tr. 21 at Finding 2).[2] The ALJ next found that Plaintiff had severe impairments consisting

of degenerative disc disease, degenerative joint disease of the knees, and major depressive disorder

(Tr. 20-22 at Finding 2), but that she did not have an impairment or combination of impairments that

met or medically equaled any impairment listed in appendix 1, subpart P of regulation no. 404 (the

listings) (Tr. 22-23 at Finding 3). The ALJ found that Plaintiff retained the Residual Functional

Capacity ("RFC")[3] to perform unskilled sedentary work (Tr. 23-27 at Finding 4).[4] Based on

---

[2]Although Plaintiff filed her application on November 3, 2003, she had a protective filing date of October 6, 2003 (Tr. 58, 59-60).

[3]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[4]Sedentary work involves lifting no more than 10 pounds at a time and occasional lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R.§ 404.1567(a). Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Id. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. Id.

Plaintiff's RFC, age (49 years old), education, and other vocational characteristics, the ALJ concluded that Medical-Vocational Guidelines ("the Grids") mandated a finding that Plaintiff could perform other work that existed in significant numbers in the national economy (Tr. 28 at Finding 9). Accordingly, the ALJ determined that Plaintiff was not disabled at any time relevant to the date of his decision (Tr. 28 at Finding 10).

On September 10, 2007, Plaintiff filed a Notice for Request of Review, accompanied by more than 400 pages of "hospital records covering October 28, 2004 through September 18, 2007." Plaintiff's "Memorandum ... in Support ..." at 17 (document #13).

By notice dated November 6, 2009, the Appeals Council denied Plaintiff's request for further administrative review.

Plaintiff filed the present action on December 21, 2009. Plaintiff assigns error to the ALJ's alleged "mechanical" application of the age criteria under the Medical-Vocational Guidelines and his failure to cite specific jobs Plaintiff could have performed. Plaintiff also assigns error to the Appeals Council's decision to deny her second Request for Review. See Plaintiff's "Memorandum ... in Support ..." at 11-21 (document #13). The parties' cross Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d

343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v.

Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact,

if supported by substantial evidence, shall be conclusive."   42 U.S.C. § 405(g).   In Smith v.

Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986),  quoting Richardson v. Perales, 402 U.S. 389, 401

(1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing]
> more than creat[ing] a suspicion of the existence of a fact to be established.  It means
> such relevant evidence as a reasonable mind might accept as adequate to support a
> conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the

responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical

evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the

evidence again, nor to substitute its judgment for that of the Commissioner, assuming the

Commissioner's final decision is supported by substantial evidence.  Hays v. Sullivan, 907 F.2d at

1456 (4th Cir. 1990); see also  Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483

F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as

there is "substantial evidence" in the record to support the final decision below.  Lester v.

Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

Plaintiff's final assignment of error challenges the Appeals Council's denial of her second

Request for Review.  She argues that new evidence contained in the hospital records requires a

remand because the Appeals Council's denial of review did not explain how it considered this

evidence. Plaintiff does not argue that this evidence provides a basis for overturning the decision.

Rather, she argues only that the Appeals Council should have provided a better explanation of how it considered this evidence.

While the regulations require a discussion of the evidence in the ALJ's decision, see 20 C.F.R. § 404.953(a), the Appeals Council is not required to do so in denying review. It must only issue a notice informing the parties of what action it takes, 20 C.F.R. §§ 404.967, 404.981. Where a claimant submits additional evidence in support of a request for review and that new evidence relates to the time period on or before the ALJ's decision, the Appeals Council considers that evidence in its evaluation of the entire record. 20 C.F.R. § 404.970(b). At that stage, having evaluated the entire record, the Appeals Council may: (1) review the case and remand it to an ALJ (20 C.F.R. §§ 404.977, 404.979); (2) review the case and issue its own decision (20 C.F.R. § 404.979); or (3) deny the request for review (20 C.F.R. § 404.981). See Wilkins v. Sec'y of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (when the Appeals Council incorporated new evidence into the administrative record, the reviewing court would consider the record as a whole, including the new evidence, to determine whether the Commissioner's decision is supported by substantial evidence). Because Plaintiff submitted additional evidence to the Appeals Council (Tr. 337-762), the Court must review the record as a whole and affirm the Commissioner's decision if it is supported by substantial evidence. See Wilkins, 953 F.2d at 96.

Accordingly, Plaintiff's assignment of error concerning the new evidence submitted to the Appeals Council should be overruled. The Court will consider the new evidence, along with the entire record, in reviewing Plaintiff's substantive assignments of error as discussed below.

### III.  DISCUSSION OF CLAIM

The question before the ALJ was whether at any time the Plaintiff became "disabled," as

that term of art is defined for Social Security purposes.[5]  Concerning plaintiff's first assignment of error, there are three age categories set forth in the regulations: (1) younger persons (under age 50); (2) persons closely approaching advanced age (age 50-54); and (3) persons of advanced age (age 55 or older).  20 C.F.R. § 416.963.  Under the Grids, a younger person capable of performing unskilled sedentary work would not be disabled, while a person closely approaching advanced age and capable of performing unskilled sedentary work would be disabled.  20 C.F.R. pt. 404, subpt. P, app. 2, §§ 201.18, 201.09.  The regulations direct the ALJ to avoid applying the age categories "mechanically in a borderline situation."  20 C.F.R. § 416.963(b).  If a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled," the ALJ must "consider whether to use the older age category after evaluating the overall impact of all the factors of your case."  Id.

Plaintiff turned age 50 on August 31, 2007, three days after the ALJ issued his decision (Tr. 29, 59).  Courts have differed as to what constitutes a "borderline situation," but Defendant does not dispute that three days qualifies as a "borderline situation."  Plaintiff has correctly noted that if she had been evaluated using the older age category, the Grids would have directed a finding of disability.  See 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.09.  Application of the Grids using Plaintiff's age on the date of the ALJ's decision, however, directed a finding of not disabled.  See 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.18.  Plaintiff argues that the ALJ mechanically applied the Grids, thus requiring remand for the ALJ to consider whether the older age category should apply.

---

[5]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

Implicit in Plaintiff's argument is the assumption that the ALJ did not consider application of the older age category merely because he did not explain his consideration of that factor in his decision. Additionally, Plaintiff's argument presumes that when the ALJ does not explain how he considered application of the older age category, remand is necessary even if the record does not contain evidence establishing the presence of additional vocational adversities that are necessary to justify application of an older age category.

There is no controlling law to support Plaintiff's argument. Rather, Plaintiff relies on a number of out-of-circuit cases and the Commissioner's Hearings, Appeals and Litigation Law Manual (HALLEX), a policy manual that "defines procedures for carrying out policy and provides guidance for processing and adjudicating claims...." HALLEX I-1-0-1. The Commissioner's HALLEX does not carry the force of law. Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000); see also Pass v. Chater, 65 F.3d 1200, 1204 n. 3 (4th Cir. 1995) (agency's interpretation of the Social Security Act does not carry the force of law).

The Court is persuaded to the contrary by recent Court of Appeals decisions that have rejected the approach urged by Plaintiff. See Lockwood v. Comm'r of Soc. Sec., 616 F.3d 1068 (9th Cir. 2010); Bowie v. Comm'r of Soc. Sec., 539 F.3d 395 (6th Cir. 2008). In Lockwood, the Ninth Circuit held that where an ALJ mentioned the claimant's date of birth and age in the decision, cited to the regulation prohibiting mechanical application of the Grids in borderline situations, and relied on vocational expert testimony, the ALJ satisfied the requirement that he consider whether to use the older age category. Lockwood, 616 F.3d at 1071-72. As in Lockwood, the ALJ here mentioned Plaintiff's birth date in his decision (Tr. 27 at Finding 6), explicitly commented on her pending 50th birthday during the ALJ hearing, stating that she "will be 50 in a few weeks," (Tr. 806), and cited to 20 C.F.R. § 416.963 (Tr. 27). The ALJ also considered vocational expert

7

testimony before finding that Plaintiff was not disabled (Tr. 28, 822-823), another factor that the Lockwood court found belied an assertion that the ALJ mechanically applied the Grids. Lockwood, 616 F.3d at 1071-72. As the Ninth Circuit explained, the controlling regulation does not require the ALJ to use an older age category, "even if the claimant is within a few days... of reaching an older age," nor does the HALLEX, "require an ALJ to address borderline situations in every written decision." Id. (citations omitted).

The Ninth Circuit largely relied on and adopted the cogent analysis of the Sixth Circuit contained in the Bowie decision. See Bowie, 539 F.3d at 398-404. The Bowie court explicitly rejected a "per se procedural requirement to address borderline age categorization in every borderline case." Id. at 400. As the Sixth Circuit explained, "nothing in this language [in 20 C.F.R. § 404.1563 prohibiting mechanical application in borderline cases] obligates an ALJ to address a claimant's borderline age situation in his opinion or explain his thought process in arriving at a particular age-category determination." Id. Nor does HALLEX contain such a requirement. Id. at 400-401 (citing HALLEX I-5-3-2). HALLEX plainly states that the adjudicator "need not explain his or her use of the claimant's chronological age" "absent a showing of additional adversity(ies)." Id.

Under the approach of the Sixth and Ninth Circuits, the ALJ fulfilled his duty to consider the application of the older age category, and had no duty to explain his determination. This approach is consonant with the plain language of the governing regulation, and the Commissioner's interpretative guidance provided in HALLEX I-5-3-2. Lockwood, 616 F.3d at 1071-72; Bowie, 539 F.3d at 398-404. For the same reasons, the ALJ's determination concerning Plaintiff's age should be affirmed.

Plaintiff also assigns error to the ALJ's reliance on the Grids without listing specific jobs in

the national economy that Plaintiff could perform. The ALJ relied on Medical-Vocational Rule 201.18 to determine that Plaintiff could perform other work existing in significant numbers in the national economy. As the controlling regulations explain, the Grids have taken administrative notice "of the numbers of unskilled jobs that exist through the national economy at the various functional levels...[t]hus, when all factors coincide with the criteria of a rule, the existence of such jobs is established." 20 C.F.R. pt. 404, subpt. P, app. 2 at 200.00(b). Social Security Ruling 83-14 provides that "[w]here it is clear that the additional limitation or restriction has very little effect on the exertional occupational base, the conclusion directed by the appropriate rule... would not be affected."

The ALJ obtained vocational expert ("VE") testimony solely to assess the degree to which Plaintiff's nonexertional condition would reduce the existing occupational base (Tr. 822-823). The VE testified that a claimant suffering only slight depression would cause little to no erosion of the occupational base (Tr. 28, 822-823). The ALJ adopted this finding (Tr. 28), and Plaintiff has not challenged it. Because Plaintiff's nonexertional limitation had very little effect on the occupational base, the ALJ could rely on the conclusion directed by rule 201.18. SSR 83-14.

The Fourth Circuit has affirmed reliance on the Grids, even when the claimant suffered from a nonexertional condition. See Smith v. Schweiker, 719 F.2d 723, 726 (4th Cir. 1984). As the Fourth Circuit explained in Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989), as long as the non-exertional condition does not affect the individual's Residual Functional Capacity to perform work for which she is exertionally capable, reliance on the Grids is appropriate. 889 F.2d at 49. The ALJ found that Plaintiff could perform the full range of unskilled, sedentary work (Tr. 23 at Finding 4). The Grids take administrative notice of the availability of unskilled jobs, and the ALJ relied on the VE's testimony that Plaintiff's nonexertional condition would not significantly erode the existing

occupational base (Tr. 28, 822-823). In these circumstances, the ALJ's reliance on the Grids was appropriate. See SSR 83-14; Walker, 889 F.2d at 49.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #12) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #14) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO RECOMMENDED AND ORDERED**.

Signed: November 12, 2010

David S. Cayer
United States Magistrate Judge