IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv536

| | |
|---|---|
| **DORIS L. MORRISON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM** |
| Vs. ) | **OF DECISION** |
| ) | **and ORDER** |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on the plaintiff's Motion for Summary Judgment (#12), the Commissioner's Motion for Summary Judgment (#14), and the Memorandum and Recommendation of Honorable David S. Cayer, United States Magistrate Judge (#17). The court has before it plaintiff's Objection (#18) and the Commissioner's Reply (#19). The court has considered the arguments of the parties, and the matter is now ripe for determination.

## FINDINGS AND CONCLUSIONS

### I.  Introduction

Plaintiff has not objected to the Procedural History as set forth on pages one through three of the M&R. The court therefore adopts as its own such section of the M&R.

### II.  Legal Standard

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Judge Cayer's M&R.

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this court's review of the Commissioner's final decision to: (1) whether substantial evidence supports the decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992)

(*per curiam*). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390; see Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1996). The decision must be based on the record as a whole. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). The appellate court has emphasized that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456; Smith v. Schweiker, 795 F.2d at 345; Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."). If the Commissioner's decision is supported by substantial evidence under the correct legal standard, it must be affirmed even if the reviewing court would have decided differently. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

**III.  Discussion**

In rasing her objections, plaintiff makes the following arguments:

(1) "The M&R correctly states that the Defendant has admitted that this is a borderline age situation. The Defendant admits as does the M&R that it [was] unknown whether the ALJ considered to apply [*sic*] the older age category in this case.

\* \* \*

The M&R justifies the ALJ's failure because "As in Lockwood, the ALJ here mentioned Plaintiff's birth date in his decision (Tr. 27 at Finding 6)." (M&R page 7). What the M&R does not mention is that the ALJ states Ms. Morrison's age at the time of her application not at the time of the decision which, as fully discussed in Plaintiff's Memorandum, is controlling."

(2) "Contrary to the statement in the M&R the Plaintiff did cite a case from a court within the 4th Circuit, Bush v. Astrue, 2008 U.S. Dist. LEXIS 108343; 129 Soc. Sec. Rep. Service 196 (S.D.W.V. 2008). (Document 16, Attachment 1)."

(3) "The M&R fails to address the fact that the Appeals Council did not comply with 20 C.F.R. § 416.1470(b) given new and material evidence was submitted with the Request for Review."

Objections, at 3-5. Each objection will be addressed *seriatim*.

**A.    First Objection: Plaintiff's Age**

In her first objection, plaintiff takes issue with Judge Cayer's consideration of whether the ALJ fulfilled his duty in considering her age. Review of the Memorandum and Recomendation of Judge Cayer as well as the Commissioner's brief reveals that neither determined "that it [was] unknown whether the ALJ considered to apply [*sic*] the older age category in this case." Objections, at 2-3. Instead, the Commissioner

argued in his brief that the ALJ's decision contained evidence that the ALJ *had* considered whether to apply the older age category, Comm. Brief, at 7-9, and Judge Cayer clearly held that "the ALJ fulfilled his duty to consider the application of the older age category...." M&R, at 8. Proper consideration of a claimant's age will be discussed in context of the second objection. Plaintiff's first objection is, therefore, overruled.

**B.     Second Objection: Reliance on Case Law From Other Circuits**

In the Second Objection, plaintiff argues that Judge Cayer failed to acknowledge that plaintiff had cited a case from a court within the Fourth Circuit, Bush v. Astrue, 2008 U.S. Dist. LEXIS 108343 (S.D.W.V. 2008), in support of her argument. Review of plaintiff's supporting brief reveals that a citation to Bush was provided; however, Judge Cayer tacitly acknowledged such case. Plaintiff argues that "[c]ontrary to the statement in the M&R[,] the Plaintiff did cite a case from a court within the 4th Circuit," Obj., at 3; what Judge Cayer actually determined was not that plaintiff failed to cite a case, but that "[t]here is no *controlling law* to support Plaintiff's argument." M&R, at 7 (emphasis added). Thus, it cannot be fairly argued that Judge Cayer failed to recognize that plaintiff had cited a case from a trial court in the Fourth Circuit. Instead, the *unpublished* decision of another district court is not binding on his or her colleague, Gasperini v. Center for Humanities, Inc., 518 U.S.

5

415 (1996), Judge Cayer properly acknowledged the non-precedential nature of such decision when he stated that plaintiff had failed to cite the court to *controlling law*.

Viewed in such context, plaintiff's argument is that Judge Cayer improperly relied on published circuit decisions from outside the Fourth Circuit when another district judge in the Fourth Circuit had held otherwise. As there were no decisions of precedential value within the Fourth Circuit, Judge Cayer properly turned to decisions of other circuits, which can be highly persuasive. Judge Cayer acknowledged that such decisions were only persuasive, holding as follows:

> The Court is *persuaded* to the contrary by recent Court of Appeals decisions that have rejected the approach urged by Plaintiff. *See Lockwood v. Comm'r of Soc. Sec.*, 616 F.3d 1068 (9th Cir. 2010); *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395 (6th Cir. 2008). In *Lockwood*, the Ninth Circuit held that where an ALJ mentioned the claimant's date of birth and age in the decision, cited to the regulation prohibiting mechanical application of the Grids in borderline situations, and relied on vocational expert testimony, the ALJ satisfied the requirement that he consider whether to use the older age category. *Lockwood,* 616 F.3d at 1071-72. As in *Lockwood*, the ALJ here mentioned Plaintiff's birth date in his decision (Tr. 27 at Finding 6), explicitly commented on her pending 50th birthday during the ALJ hearing, stating that she "will be 50 in a few weeks," (Tr. 806), and cited to 20 C.F.R. § 416.963 (Tr. 27). The ALJ also considered vocational expert testimony before finding that Plaintiff was not disabled (Tr. 28, 822-823), another factor that the *Lockwood* court found belied an assertion that the ALJ mechanically applied the Grids. *Lockwood*, 616 F.3d at 1071-72. As the Ninth Circuit explained, the controlling regulation does not require the ALJ to use an older age category, "even if the claimant is within a few days... of reaching an older age," nor does the HALLEX, "require an ALJ to address borderline situations in every written decision." Id. (citations omitted).

M&R, at 7-8 (emphasis added). The court fully concurs in such application of persuasive precedent as such opinions appear to be well reasoned.

> Their existence means that a similar outcome (even if similarly wrong), is not objectively unreasonable, it is instead presumptively reasonable. Indeed, that is the fundamental theory of persuasive precedent (particularly persuasive precedent from other jurisdictions)-although a court is not bound by it, it is presumptively reasonable (even prudent, and often commendable) to follow it because, having been created through the adversarial process and the thoughtful consideration of our fellow judges, it is presumptively meritorious (albeit, still subject to reasoned disagreement).

Railey v. Webb, 540 F.3d 393, 414 -415 (6th Cir. 2008). Judge Cayer determined that the

> regulations direct the ALJ to avoid applying the age categories "mechanically in a borderline situation." 20 C.F.R. § 416.963(b). If a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled," the ALJ must "consider whether to use the older age category after evaluating the overall impact of all the factors of your case." Id.

M&R, at 6. Such reading of the regulations is consistent with the overall concern that an ALJ's decision must be based on the record as a whole. Smith, supra. Judge Cayer further reasoned that

> the ALJ fulfilled his duty to consider the application of the older age category, and had no duty to explain his determination. This approach is consonant with the plain language of the governing regulation, and the Commissioner's interpretative guidance provided in HALLEX I-5-3-2.

7

M&R, at 8 (citation omitted). The undersigned finds no error in Judge Cayer's decision or his reliance on persuasive precedent of other circuits. Plaintiff's second objection is, therefore, overruled.

### C. Third Objection: New Evidence Before the Appeals Council

In her third objection, plaintiff argues that Judge Cayer failed to address the fact that the Appeals Council did not comply with 20, Code of Federal Regulation, § 416.1470(b) (applicable to claims for Supplemental Security Income) when plaintiff submitted new and material evidence along with her Request for Review. The Appeals Council is required by 20, Code of Federal Regulation, Part 416.1470(b), to review certain decisions of an ALJ. In pertinent part, the regulation provides:

> (b) In reviewing decisions based on an application for benefits, if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. In reviewing decisions other than those based on an application for benefits, the Appeals Council shall evaluate the entire record including any new and material evidence submitted. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 416.1470(b). Review of Judge Cayer's decision reveals that he *did* address plaintiff's argument that the Appeals Council failed to comply with 20 C.F.R. § 416.1470(b):

> Plaintiff does not argue that this evidence provides a basis for overturning the decision. Rather, she argues only that the Appeals

8

> Council should have provided a better explanation of how it considered this evidence.
>
> While the regulations require a discussion of the evidence in the ALJ's decision, see 20 C.F.R. § 404.953(a), the Appeals Council is not required to do so in denying review. It must only issue a notice informing the parties of what action it takes, 20 C.F.R. §§ 404.967, 404.981. Where a claimant submits additional evidence in support of a request for review and that new evidence relates to the time period on or before the ALJ's decision, the Appeals Council considers that evidence in its evaluation of the entire record. 20 C.F.R. § 404.970(b). At that stage, having evaluated the entire record, the Appeals Council may: (1) review the case and remand it to an ALJ (20 C.F.R. §§ 404.977, 404.979); (2) review the case and issue its own decision (20 C.F.R. § 404.979); or (3) deny the request for review (20 C.F.R. § 404.981). See Wilkins v. Sec'y of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (when the Appeals Council incorporated new evidence into the administrative record, the reviewing court would consider the record as a whole, including the new evidence, to determine whether the Commissioner's decision is supported by substantial evidence). Because Plaintiff submitted additional evidence to the Appeals Council (Tr. 337-762), the Court must review the record as a whole and affirm the Commissioner's decision if it is supported by substantial evidence. See Wilkins, 953 F.2d at 96.
>
> Accordingly, Plaintiff's assignment of error concerning the new evidence submitted to the Appeals Council should be overruled. The Court will consider the new evidence, along with the entire record, in reviewing Plaintiff's substantive assignments of error as discussed below.

M&R, at 4-5.

In addition, the argument plaintiff made to Judge Cayer in support of her motion for summary judgment is not that the Appeals Council failed to comply with 20 C.F.R. § 416.1470(b), but that "there [wa]s no way for the Court to determine if the Appeals Council complied" with the requirements of 20 C.F.R. § 404.970(b), and

9

thus requested remand so the Appeals Council could evaluate the additional evidence.

Pl.'s Brief, at 18. Judge Cayer explained, as follows:

> While the regulations require a discussion of the evidence in the ALJ's decision, see 20 C.F.R. § 404.953(a), the Appeals Council is not required to do so in denying review. It must only issue a notice informing the parties of what action it takes, 20 C.F.R. §§ 404.967, 404.981. Where a claimant submits additional evidence in support of a request for review and that new evidence relates to the time period on or before the ALJ's decision, the Appeals Council considers that evidence in its evaluation of the entire record. 20 C.F.R. § 404.970(b). At that stage, having evaluated the entire record, the Appeals Council may: (1) review the case and remand it to an ALJ (20 C.F.R. §§ 404.977, 404.979); (2) review the case and issue its own decision (20 C.F.R. § 404.979); or (3) deny the request for review (20 C.F.R. § 404.981). See *Wilkins v. Sec'y of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (when the Appeals Council incorporated new evidence into the administrative record, the reviewing court would consider the record as a whole, including the new evidence, to determine whether the Commissioner's decision is supported by substantial evidence). Because Plaintiff submitted additional evidence to the Appeals Council (Tr. 337-762), the Court must review the record as a whole and affirm the Commissioner's decision if it is supported by substantial evidence. *See Wilkins*, 953 F.2d at 96.

M&R, at 4-5. Plaintiff has not argued that Judge Cayer's resolution of this argument was factually or legally defective. See Pl.'s Obj., at 5. Close review of Judge Cayer's decision reveals that he considered such new evidence along with the entire record in reviewing plantiff's assignments of error. Thus, the plaintiff's third objection is overruled.

IV. **Conclusion**

The court has carefully considered Judge Cayer's Memorandum and Recommendation, plaintiff's Objections, and defendants Response. Further, the court has reviewed relevant portions of the Administrative Record, including the ALJ's determination as well as the decision of the Appeals Council. Based on such review, the court finds that Judge Cayer correctly determined that the ALJ's decision was based on substantial evidence, and the court adopts the M&R as the decision of this court.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The Commissioner's Motion for Summary Judgment (#14) is **GRANTED**;

(2) Plaintiff's Motion for Summary Judgment (#12) is **DENIED**;

(3) The Commissioner's decision is **AFFIRMED**; and

(4) Plaintiff's claim is hereby **DISMISSED**.

A judgment consistent with this Memorandum of Decision and Order shall be entered simultaneously herewith.

Signed: March 31, 2011

Max O. Cogburn Jr.
United States District Judge